<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JULIO GONZALEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 14-4608 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

**I. INTRODUCTION**

Before the Court is an appeal by Julio Gonzalez seeking review of an Administrative Law Judge's decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, respectively. The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This motion has been decided upon the written submissions of the parties pursuant to Federal Rule Civil Procedure 78(b). Because of the discrepancy in the ALJ's step four analysis as outlined below, the Court VACATES the ALJ's decision and REMANDS for further administrative proceedings consistent with this Opinion.

**II. FACTUAL & PROCEDURAL BACKGROUND**

On December 30, 2010, Plaintiff filed a claim for both DIB and SSI alleging disability based on back pain, hypertension, high cholesterol, and depression. (*See* D.E. No. 11, Administrative Record ("Tr.") at 60–63). Plaintiff alleged disability beginning February 28, 2008.

(*Id.*).  Plaintiff's application was first denied on April 26, 2011 and then again on September 13, 2011.  (*Id.* at 26).  Thereafter, Plaintiff requested a hearing before an ALJ on November 7, 2011.  (*Id.* at. 82).  Plaintiff appeared and testified at a hearing before ALJ Donna Krappa on September 20, 2012.  (*Id.* at 39).

On May 6, 2013, ALJ Krappa issued a decision denying Plaintiff disability benefits.  (*Id.* at 27).  Plaintiff requested a review of the ALJ's decision on May 6, 2013, and the Appeals Council of the Social Security Administration denied the appeal on May 30, 2014.  (*Id.* at 1–3).  Accordingly, the ALJ's decision became the final decision of the Commissioner of Social Security ("Defendant" or "Commissioner").  *See* 20 C.F.R. § 404.981.

On July 22, 2014, Plaintiff appealed the Commissioner's decision by filing a Complaint with this Court.  (D.E. No. 1, Complaint ("Compl.")).  The administrative record was filed on February 5, 2015, (D.E. No. 11), and the parties briefed the issues raised by Plaintiff's appeal.  (D.E. No. 12, Brief of Plaintiff ("Pl. Mov. Br."); D.E. No. 13, Defendant's Brief Pursuant to Local Civil Rule 9.1 ("Def. Opp. Br.")).  The Court finds the matter ripe for resolution.

**III.    Legal Standards**

    **A.    Standard of Review**

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance."

*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

Additionally, where a plaintiff alleges error by the ALJ, "the burden of showing harmfulness is normally on the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 398 (2009). This burden requires that Plaintiff also show that, but for the error, he might have proven his disability. *See Holloman v. Comm'r of Soc. Sec.*, No. 14-589, 2015 WL 1346167, at *2 (D.N.J. Mar. 25, 2015).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

**B.     Standard for Awarding Benefits**

To be eligible for DIB or SSI under Titles II and XVI of the Social Security Act, a claimant must establish that he or she is disabled as defined by the Act. *See* 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI). Additionally, claimants seeking DIB must satisfy the insured status requirements set forth in § 423(c), while those seeking SSI must fall within the income and resource limits set forth in §§ 1382a and 1382b.

An individual is deemed disabled under both titles if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(a) (regarding DIB), 1382c(a)(3)(A) (regarding SSI). The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(a), 1382c(a)(3)(B).

The Social Security Administration has established the following five-step, sequential evaluation process to determine whether an individual is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of [20 C.F.R. Part 404, Subpart P] and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4). If at any point in this sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the evaluation stops. *Id.* Proper procedure also requires that the Commissioner determine the individual's residual functioning capacity ("RFC") at step four. 20 C.F.R. § 404.1520(e), 416.920(e). RFC is defined

as the most the individual is capable of doing despite her limitations, including those that are not severe, and it is based on all relevant evidence in the record. 20 C.F.R. §§ 404.1545(a)(1)-(2), 416.945(a)(1)-(2).

## IV.     ALJ Krappa's Decision

ALJ Krappa applied the five-step disability evaluation process required by 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), and determined that Plaintiff was not disabled under the Social Security Act. (Tr. at 26–36).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of February 28, 2008. (*Id*. at 29). At step two, the ALJ found Plaintiff to have two severe impairments: a disorder of the back and hypertension. (*Id.*). The ALJ determined Plaintiff's high cholesterol, hearing impairment, and depression were not "severe" under 20 CFR 404.1520(c) and 416.920(c). (*Id.*).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.* at 31). At step four, the ALJ determined that Plaintiff' was able to perform "medium" level work, and that he was physically and mentally capable of performing his past relevant work as a janitor. (*Id.* at 35). Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

## V.     Discussion

Plaintiff challenges the ALJ's decision on three grounds. First, Plaintiff argues the ALJ erred at step two of the analysis by finding Plaintiff's depression was not severe. (Pl. Mov. Br. at 13). Second, Plaintiff argues the ALJ did not conduct a full residual functional capacity ("RFC")

5

assessment. (*Id.* at 15). Third, Plaintiff argues the ALJ erred in finding Plaintiff capable of medium work. (*Id.* at 20). The Court will address each argument accordingly.

### A. Severity of Plaintiff's Depression at Step Two

Plaintiff argues that the ALJ erred by finding that Plaintiff's mental impairments were not severe at step two. Specifically, Plaintiff asserts that the ALJ incorrectly determined Plaintiff's depression was not severe because the ALJ improperly applied the four criteria of 20 CFR, Part 404, Subpart P, Appendix 1 § 12.00C (the "listings") in making the determination. (*Id.* at 15).

"The listings are only employed at step three of the sequential process and, therefore, are irrelevant to severity determinations at step two." *Harper v. Sullivan*, No. 89-4272, 1991 WL 24908, at *6 (E.D. Pa. Feb. 25, 1991). Thus, an ALJ's consideration of the listings at step two to determine severity is erroneous. *See id.* However, where an ALJ finds in a plaintiff's favor with respect to at least one impairment, the disability analysis continues to step three regardless of whether another impairment was erroneously found non-severe. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 149 n.2 (3d Cir. 2007). Furthermore, where the disability analysis continues to step three, the ALJ must continue to consider the effects of all medically determinable impairments regardless of severity. *Kerdman v. Colvin*, No. 13-04216, 2014 WL 3783872, at *8 (D.N.J. July 30, 2014). Thus, where the disability analysis continues to step three, an ALJ's erroneous determination of an impairment's non-severity constitutes harmless error. *See id.* ("Because the ALJ found in [plaintiff]'s favor at Step Two, even if [the ALJ] had erroneously concluded that some of [plaintiff]'s other impairments were non-severe, any error was harmless").

Here, the ALJ stated that she considered "the four broad functional areas set out in the disability regulations for evaluating mental disorders" contained in section 12.00C of the listings in considering the severity of Plaintiff's mental disorders at step two. (Tr. at 29). Because the

6

listings are not relevant to a determination of severity at step two, this application of listing 12.00C is erroneous. *Harper*, 1991 WL 24908, at *6. Nevertheless, the ALJ concluded that Plaintiff did suffer from two other severe impairments—a disorder of the back and hypertension—so the ALJ's analysis continued to step three. (Tr. at 29). Because of this, any error committed by the ALJ in considering the severity of Plaintiff's mental impairments at step two was harmless.[1] *Kerdman v. Colvin*, No. 13-4216, 2014 WL 3783872, at *8 (D.N.J. July 30, 2014)

### B. Plaintiff's RFC Assessment

Plaintiff argues that the ALJ erred at step four for three reasons. First, Plaintiff argues that the ALJ failed to consider all relevant evidence in determining his RFC. (Pl. Mov. Br. at 17–20). Second, Plaintiff argues that the ALJ provided the VE with an incomplete hypothetical in requesting her opinion as to whether Plaintiff was capable of past relevant work. (*Id.* at 19-20). And third, Plaintiff argues generally that the ALJ's ultimate RFC finding was not supported by substantial evidence. (*Id.* at 22-24). The Court will consider each argument in turn.

#### 1. Consideration of Relevant Evidence at Step Four

Plaintiff points to three medical reports in the record which were allegedly improperly considered. Specifically, Plaintiff argues that the ALJ improperly disregarded January 2007 MRI report, (Tr. at 317-18), and a June 2010 physical therapy evaluation from Palisades Medical Center, (*id.* at 238-39); he further argues that the ALJ disregarded relevant portions of a May 2011 report from examining physician Dr. Alexander Hoffman which could support a more restrictive RFC, (*id.* at 258-59). (Pl. Mov. Br. at 17-18).

---

[1] Plaintiff also argues that the ALJ failed to consider relevant portions of a consultative psychologist's report which support Plaintiff's contention that his mental impairments should be found severe at step two. (Pl. Mov. Br. at 15). However, for the same reasons as noted above, any such error by the ALJ would be harmless, and thus does not warrant remand.

When making an RFC determination, an ALJ is required to consider all evidence before her. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). However, an ALJ need not discuss in her opinion "every tidbit of evidence included in the record," *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004), so long as "the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors" in reaching her conclusions, *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

Additionally, an ALJ "may reject evidence that predates the relevant period" and, therefore, may limit her analysis "to the medical evidence in the record that follows Plaintiff's alleged onset date." *Farley v. Astrue*, No. 09-1211, 2011 WL 653895, at *4 (D. Or. Feb. 14, 2011) (citing *Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008)).

Regarding the MRI report from January 2007, the Court notes that the report predates Plaintiff's alleged disability onset date by more than a year. (*See* Tr. at 26, 45). Accordingly, the Court finds that the ALJ did not err by failing to explicitly consider the January 2007 MRI report. *See Farley*, 2011 WL 653895, at *4 (affirming ALJ's decision where ALJ did not consider medical reports which predated plaintiff's alleged disability onset date).

Regarding the physical therapy report from June 2010, a review of the administrative decision indicates that while the report was not explicitly referenced, the report's conclusions are nevertheless consistent with the ALJ's RFC findings. For example, the physical therapy report indicated that Plaintiff "presented with complaints of lumbar and cervical spine pain," as well as "decreased strength and decreased range of motion." (Pl. Mov. Br. at 18). Similarly, the ALJ notes in the administrative decision that Plaintiff "presented with complaints of lower back and neck pain of several years duration with radicular symptoms," and that Plaintiff "was able to make a fist, fully extend his hand and oppose the fingers on both hands" despite some decreased grip

strength in his left hand. (Tr. at 32). Accordingly, if the administrative decision is read as a whole, it is apparent that the ALJ properly considered the impairments referenced in the June 2010 physical therapy report, even if the report itself was not specifically cited. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

And finally, regarding the ALJ's consideration of Dr. Hoffman's May 2011 report, a review of the administrative decision similarly indicates that the findings and conclusions contained in that report were sufficiently considered. In discussing the report, the ALJ notes that, while Dr. Hoffman found that Plaintiff suffered from back pain, took pain medication, and experienced decreased grip strength, he also found that Plaintiff "walked with a normal unassisted gait," "exhibit[ed] a full range of motion, with the exception of the lumbar spine," and "no evidence of motor or sensory deficits" in relevant areas. (Tr. at 32). Accordingly, Plaintiff's argument that the ALJ failed to consider both the positive and negative aspects of Dr. Hoffman's report is without merit.

### 2. The Hypothetical Posed to the Vocational Expert

Plaintiff argues that the hypothetical posed to the vocational expert ("VE") was insufficient for two reasons. First, Plaintiff argues that the ALJ should have included a limitation on Plaintiff's ability to concentrate in his RFC and in the hypothetical. (Pl. Mov. Br. at 19-20). Second, Plaintiff argues that an inconsistency between the ALJ's RFC determination and the hypothetical posed to the VE render the ALJ's decision beyond judicial review. (*Id.* at 23).

The Third Circuit has held that a hypothetical posed to a VE must include "all of the claimant's credibly established limitations, but does not require that the vocational expert be apprised of limitations which have been determined not to affect the claimant's RFC." *Covone v. Comm'r Soc. Sec.*, 142 F. App'x 585, 587 (3d Cir. 2005). Similarly, "while the ALJ may proffer

9

a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If there is conflicting evidence in the record, the ALJ can chose to reject limitations that lack an evidentiary basis, but are nonetheless asserted by the plaintiff, when determining whether to include a limitation in a VE's hypothetical. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).

In this case, the ALJ posed two hypotheticals containing two different groups of functional limitations. The first hypothetical posed by the ALJ to the VE, in relevant part, was as follows:

> Please assume an individual of the claimant's age, education, and work history, and further assume this person is able to lift/carry 50 lbs. occasionally and 25 lbs. frequently; stand/walk for 6 hours in an eight hour work day; sit for 6 hours in an eight hour work day; and perform unlimited pushing and pulling within the weight restriction given. Moreover, regarding *postural and environmental demands* of work, I find that claimant is able to perform jobs that require occasional use of ladders, ropes, and scaffolds . . . [I]s the claimant able to perform any . . . job?

(Tr. at 204). The second hypothetical assumed the same facts as the first hypothetical, but asked the VE to assume Plaintiff was only able to concentrate for two-thirds of the day. (*Id.* at 213).

The Court rejects Plaintiff's argument that the ALJ should have considered the second hypothetical and taken its concentration-based limitations into account. Significantly, the RFC assessment in the ALJ's opinion contained no restrictions on Plaintiff's ability to concentrate, let alone for only two-thirds of the day. Thus, the second hypothetical appears to be an "alternative" hypothetical which was not intended to portray the specific limitations presented by Plaintiff in this case. *See Podedworny*, 745 F.2d at 218 (noting that an ALJ may proffer a variety of hypotheticals to the VE, but need only consider a particular hypothetical if it "accurately portrays the claimant's individual physical and mental impairments").

Furthermore, the ALJ's RFC findings regarding Plaintiff's ability to concentrate are supported by substantial evidence. For example, the ALJ referenced the report of consultative examiner Dr. Ernesto Perdomo, who opined that Plaintiff's memory was "fair-to-good" and his concentration was "fair." (*Id.* at 256). Dr. Perdomo assigned Plaintiff a GAF score of 75-80, which indicates only a slight impairment in daily functioning. (*Id.* at 257). To the extent that Plaintiff complained of decreased overall functionality, Dr. Perdomo attributed these issues with Plaintiff's physical pain rather than mental impairments. (*Id.* at 257). The ALJ noted that, overall, Dr. Perdomo found Plaintiff's memory and concentration to be unimpaired. (*Id.* at 30).

This discussion by the ALJ is sufficient to support her RFC determination that Plaintiff's mental impairments did not impact his ability to work. *See Wooten v. Astrue*, No. 11-7592, 2012 WL 6601397, at *2 (E.D. Pa. Dec. 17, 2012) (affirming ALJ's RFC determination containing no mental limitations, because, despite the presence of some mental impairments, no doctor found plaintiff to suffer from a disabling mental impairment).

Accordingly, Court finds that the ALJ acted properly by not considering the version of the hypothetical which included restrictions on the mental demands of Plaintiff's work. *See Podedworny*, 745 F.2d at 218.

However, the Court finds merit in Plaintiff's argument that the administrative decision is rendered beyond judicial review because of the ALJ's inconsistent treatment of Plaintiff's ability to perform certain physical tasks. As Plaintiff points out, both hypotheticals posed to the VE state that Plaintiff is able to perform jobs that include "occasional use" of ladders, ropes, and scaffolds, whereas the actual RFC findings of the administrative decision state that Plaintiff may not use them at all. (Pl. Mov. Br. at 19-20).

This discrepancy appears to be the result of a typographical error, but the Court is unable to determine which version of the ALJ's RFC conclusion was actually intended.  On the one hand, the ALJ accorded "great weight" to the state agency medical consultant's "Physical Residual Functional Capacity Assessment" in which the consultant opined that Plaintiff was limited to "occasionally" climbing ropes, ladders, and scaffolds.  (Tr. at 35, 279).  On the other hand, the ALJ twice stated in the administrative opinion that Plaintiff was limited to jobs that required "no use of ladders, ropes, or scaffolds." (*Id.* at 26, 31).  This discrepancy is significant because, if both hypotheticals posed to the VE were incorrect, then the VE arrived at her conclusion that Plaintiff could perform the work of a janitor based on an erroneous hypothetical.  It follows that the VE's conclusion (on which the ALJ ultimately relied) could be erroneous as a result.[2]

Based on the record before it, the Court is unable to conclusively say whether the RFC presented to the VE was the correct one.  Accordingly, the Court remands this case back to the ALJ to clarify her RFC determination and explain the nature of this discrepancy between the RFC finding contained in the administrative opinion and the one posed in the hypotheticals to the VE. *See Crawford v. Comm'r of Soc. Sec.*, No. 14-4533, 2015 WL 4879221, at *9 (D.N.J. Aug. 14, 2015) (remanding where the ALJ failed to address a discrepancy between his RFC finding and the VE's testimony).

---

[2] Defendant argues that this discrepancy is harmless because the work of a janitor may be performed regardless of a claimant's ability to use ladders, ropes and scaffolds. (Def. Opp. Br. at 14 (*citing Matejevich v. Colvin*, No. 14-464, 2015 WL 540126, at *8 (W.D. Pa. Feb. 10, 2015) (indicating that plaintiff who could not climb ropes, ladders, or scaffolds could nevertheless perform the representative job of "cleaner/janitor")).  However, in *Matejevich*, the determination that a janitor needs no ability to use ladders, ropes, and scaffolds was a factual determination based on evidence present on the record before that ALJ. *See id.*  Here, the ALJ conducted no analysis on this point—and this Court is not permitted to make such factual findings in the first instance. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (noting the limits on scope of review over an ALJ's decision).  Thus, if such a determination is necessary to reach a proper result in this case, the Court advises ALJ Krappa to conduct the relevant factual inquiry on remand, as discussed below.

### 3. Whether the Record Supports a Finding that Plaintiff is Capable of Medium Work

Finally, Plaintiff asserts that the ALJ lacked substantial evidence to conclude that Plaintiff could perform work at a "medium level." Specifically, Plaintiff argues that this determination does not take into account certain symptoms of Plaintiff's physical impairments, such as "decreased range of motion in the lumbar spine from herniated discs and degenerative disc disease." (Pl. Mov. Br. at 24). Plaintiff argues that these impairments may cause physical limitations inconsistent with the ability to perform medium work, such as "difficulty bending, stooping, crouching grasping, holding and turning objects." (*Id.*).

However, the record indicates that the ALJ in fact considered these physical impairments before coming to the conclusion that Plaintiff was capable of performing medium work. For example, the ALJ considered MRI testing and EMG/NCS studies conducted in 2010, which indicated the presence of some back problems but that those problems were overall "unremarkable." (Tr. at 32). The ALJ also considered the report of Dr. Hoffman, which indicated some problems with Plaintiff's lumbar spine, "but no evidence of motor of sensory deficits" in the relevant areas. (*Id.*). And the ALJ considered Plaintiff's own subjective complaints of pain and other symptoms, but found his statements regarding the full extent of his symptoms to be "not entirely credible." (*Id.* at 33). The ALJ presented her findings to the VE, who opined that, based on these facts, Plaintiff was capable of performing medium work. (*Id.* at 35). This analysis is sufficient to meet the ALJ's requirements to support her RFC findings with substantial evidence. *See Garibay v. Comm'r of Soc. Sec.*, 336 F. App'x 152, 155, 156-57 (3d Cir. 2009) (affirming ALJ's decision when ALJ delineated medical and objective evidence in the record supporting determined level of work, identified contrary evidence, and explained reasons for rejecting such

evidence). Accordingly, the Court affirms ALJ's conclusion that Plaintiff was capable of "medium work."

**VI.     CONCLUSION**

Because of the discrepancy in the ALJ's opinion at step four, the ALJ's decision is hereby vacated and this case is remanded for further proceedings consistent with this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
